IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. **01-cv-00384-JLK (CBS)**

**STEVEN H. GLAESER**,

    Plaintiff,

v.

**ACADEMY SCHOOL DISTRICT 20, KATHLEEN A. CRUME, HEIDI V. PACE, SIERRA MARCELLA PETERS, JEFF PETERS, CAROL PETERS and JANE DOES #1 THROUGH 10 AND JOHN DOES #1 THROUGH 5,**

    Defendants.

## ORDER DENYING MOTION TO AMEND THIRD AMENDED SCHEDULING ORDER

**Kane, J.**

This matter is before me on Plaintiff Steven H. Glaeser's Motion to Amend Scheduling Order, filed June 23, 2005. In his Motion, Glaeser seeks to extend the operative June 22, 2005 discovery cutoff date to September 15, 2005, and the dispositive motions deadline to October 13, 2005 in order to finalize negotiations with new counsel and allow that counsel to familiarize himself with the case.

The operative scheduling order in this case has already been amended twice – once in November 2004 as a result of a stay of proceedings ordered by the Court and the second time at Glaeser's request in March 2005 after his counsel withdrew from representing him. At the time I granted that request, Glaeser had already failed to appear for his deposition

and I admonished him he must comply with the Scheduling Order or face the consequences of failing to do so, including the possible dismissal of his claims. Nevertheless, when his deposition was rescheduled for April 18, 2005, Glaeser again failed (or refused) to appear.

Defendants moved to dismiss Glaeser's Complaint, and I held a hearing on that Motion on May 19, 2005. Rather than dismiss his Complaint, I gave Glaeser an additional 30-day extension to secure counsel and appear for his deposition, but warned him his claims *would* be dismissed if he failed to do so. Glaeser apparently informed Defendants he could not be available until June 14, 2005 for his deposition, and the first date that worked for all concerned was June 24, 2005. The fact this date was two days outside the June 22, 2005 discovery cutoff date does not, as Glaeser suggests in his filings, constitute a "waiver" of the June 22, 2005 discovery cutoff date by Defendants.

In short, I have been most solicitous of Mr. Glaeser in the past seven months. Glaeser has now had four months to secure counsel and seek further extensions or amendments of the Scheduling Order, but waited until the discovery cutoff date had run to do so. This alone is grounds for denying his Motion. The Motion is denied in any event, however, because Glaeser has failed to demonstrate good cause for the relief sought. The timing of his Motion and his failures to appear for his scheduled deposition demonstrate he has not been diligent in his discovery efforts, *see Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000), even under the most liberal view of the standards expected of *pro se* litigants. On the record before me and in fairness

to the Defendants, no further modification of the Scheduling Order is warranted.

The Motion to Amend (Third Amended) Scheduling Order is **DENIED.**

Dated at Denver, Colorado this 5th day of July, 2005.

    **s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE