IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-00384-JLK-CBS

**STEVEN H. GLAESER**,

    Plaintiff,

v.

**ACADEMY SCHOOL DISTRICT 20,**[1]
**SIERRA MARCELLA PETERS,**[2]

    Defendants.

_____

ORDER GRANTING DEFENDANT SCHOOL DISTRICT'S RENEWED
MOTION FOR SUMMARY JUDGMENT
_____

KANE, J.

This matter is before me on the Defendant School District's Renewed and Supplemented Motion for Summary Judgment on the remaining state and federal claims asserted against it by Plaintiff Steven Glaeser. As set forth in several written orders already issued in this action, Glaeser filed this lawsuit after he was removed from his high school teaching position and his contract not renewed as a result of student complaints that he engaged in inappropriate conduct and made inappropriate sexual remarks to them in class. Glaeser contends the complaints were fabricated primarily by

---

[1] School officials Kathleen Crume and Heidi Pace were dismissed as party Defendants in my November 1, 2004 Order granting their Motion for Summary Judgment on qualified immunity grounds (Doc. 39).

[2] The parents of Defendant Sierra Peters, Jeff and Carol Peters, were dismissed by operation of my October 13, 2005 Order granting their Motion to Dismiss or for Summary Judgment (Doc. 92).

Defendant Sierra Peters as a form of extortion for a better grade. According to Glaeser, the District's actions were the culmination of a series of adverse employment actions taken against him for introducing a controversial Alan Ginsberg poem several months earlier in his theater class.

I have construed Glaeser's remaining federal claims against the District as being asserted under 42 U.S.C. § 1983. They include a claim premised on the District's alleged deprivation of Glaeser's First Amendment right to "academic freedom" and a claim that he was deprived of certain liberty and property interests without procedural or substantive due process in violation of the Fourteenth Amendment and a claim of conspiracy between the District and Sierra Peters.[3] For his state law claims against the District, Glaeser asserts an implied cause of action for damages under the Colorado Constitution and a claim for breach of employment contract/promissory estoppel.

Having reviewed all of the briefing on the District's earlier and renewed Motions for Summary Judgment together with my previous orders, and considering all the of evidence presented both for and against summary judgment, and being fully apprised of the applicable law and legal standards, I GRANT the Motion. The viability of Plaintiff's constitutional theories of relief has been questionable from the outset of these proceedings, and it is time to put these issues to rest. In addition to the various findings

---

[3] A related claim that the District and the Peters Defendants conspired to deprive him of these substantive and procedural due process rights – which I have construed as being premised on 42 U.S.C. § 1985 – fell with the dismissal of Glaeser's identical claim against the Peters Defendants.

and conclusions made in the course of ruling on earlier Motions for Summary Judgment filed by the Peters Defendants and District administrators Kathleen Crume and Heidi Pace, I specifically find and conclude as follows:

1. <u>Academic Freedom Claim</u>.  Given the facts adduced in discovery, Glaeser's "academic freedom" claim is precluded under *Miles v. Denver Public Schools*, 944 F.2d 773 (10th Cir. 1991).  Glaeser has not established what "controversial issue" he was trying to teach his class by reading the Ginsberg *Underwear* poem and has failed to demonstrate that his actions were in compliance with District policy regarding the teaching of "controversial issues."  A letter of reprimand that addressed many issues, only one of which was the reading of the poem, does not on the record before me create a triable issue that Glaeser's constitutionally protected academic freedoms were impinged.  A lack of evidence establishing Glaeser suffered any damage as a result of any impingement of his right to "academic freedom" provides an additional ground for summary judgment on this claim.

2. <u>Fourteenth Amendment Due Process</u>.  Glaeser's substantive and procedural due process claims fail for the reason that Glaeser has established no protectible property or liberty interest to which due process rights may attach.  Glaeser had no right under Colorado law to continued employment as a probationary teacher and has come forward with no viable alternative property interest theory.  He was paid in full for his additional duties as theater director.  No constitutional property

interest attaches to the District's removal of him from that position (with pay) as a result of the investigation launched into the student/parent complaints. Even if Glaeser had a viable property interest, which he does not, he has come forward with no evidence to establish that he was deprived of that interest without due process. Glaeser took his complaints through two full grievance procedures, culminating in an executive session with the School Board. Glaeser's principle complaint is that he was innocent and the District did not believe him. Even an interest abridged is not actionable unless it was abridged without due process. Because Glaeser cannot establish a lack or failure of the process afforded him, his Fourteenth Amendment claim cannot stand.

Glaeser's liberty interest claim likewise fails for lack of evidentiary support. Even assuming the statements Glaeser attributes to the District (which were made more than a year before his employment ended) "impugned" his reputation, GLAESER has come forward with no evidence to establish that these statements were published under circumstances indicating an intent to harm his ability to gain future employment. *See Paul v. Davis*, 424 U.S. 693 (1976)(to establish a claim under ss1983, more must be involved than simple defamation by a state official). I am hard-pressed in this case to find sufficient evidence that any District official made a defamatory statement about Glaeser to survive summary judgment; I certainly cannot find any official did so under circumstances that would satisfy the elements of a cause of action under § 1983 under *Paul*. Glaeser's eleventh hour

4

assertion that he applied for employment with School District 11 and was not hired does not salvage this claim, particularly where he offers no evidence to support a nexus – temporally or substantively – between any allegedly defamatory statement made by a District official and any officials at District 11.

3. Glaeser's Substantive Due Process Claim also fails under a Rule 56(c) standard. As previously stated, the Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or wrongful personnel decisions. *Bishop v. Wood*, 426 U.S. 341 (1976). A defendant's actions must "shock the conscience of federal judges" or be "lacking a rational basis" to be actionable. *See Tonkovich v. Kansas Bd. Regents*, 159 F.3d 504, 528-29 (10th Cir. 1998)(tenured professor appealing employment actions of university)(citing *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir.1995) and quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 126 (1992)). To satisfy this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to [him] by abusing or misusing government power." *Uhlrig*, 64 F.3d at 574. Instead, he "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* An example of circumstances meeting this standard occurred in a case where a reckless high-speed police chase resulted in the death of a 16-year-old bystander. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998).

Based on the record before me, adduced under an exceedingly solicitous

   standard toward Mr. Glaeser and his failures in discovery, there is simply no evidence to justify allowing Glaeser's substantive due process claim to proceed to trial.  Glaeser's only evidence to support this claim is his own protestations that he was treated unfairly and the students were believed when they were lying.  Even if true, the scenario he describes is neither shocking nor irrational under the standards applied in *Tonkovich*.

4. <u>State Law Claims</u>.  Glaeser has no implied cause of action under the Colorado Constitution and that claim is dismissed under the standards articulated in *Brammer-Hoelter v. Twin Peaks Charter Academy*, 81 F. Supp.2d 1090, 1097 (D. Colo. 2000) and *Board of County Comm'rs v. Sundheim*, 926 P.2d 545, 548 (Colo. 1996).  Glaeser's state law breach of contract and alternative claim for promissory estoppel fail for a lack of evidence to support them under a Rule 56(c) standard.  It is undisputed that Glaeser was employed under successive one-year employment contracts with the School District and Glaeser was retained for those contracts' full terms.  The policy manual provisions he offers as evidence to support other implied terms of his employment on which he relies are uniformly inapposite.

Based on the foregoing, the District's Renewed Motion for Summary Judgment is **GRANTED**.  Judgment shall enter in favor of the District and against Plaintiff Steven Glaeser on each of Glaeser's remaining claims against it.  The sole remaining claim in this action is Glaeser's claim for defamation against his former student, Sierra Peters.  This case is ready for the setting of a pretrial conference, which will be effected by

separate Minute Order after conferring with the parties.  I note that in my October 13, 2005 Order on the Peters Defendants' Motion to Dismiss or for Summary Judgment (Doc. 92) I admonished both Mr. Glaeser and Ms. Peters that if it comes to appear at any time that Glaeser's defamation claim against Sierra Peters was filed, pursued, or defended against in bad faith, I may assess attorney fees and additional sanctions against the appropriate party and/or that party's counsel.

Dated January 24, 2006.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE